IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TABATHA WRIGHT, for and on BEHALF of
CHRISTIAN TIMOTHY WRIGHT, a MINOR and
WRONGFUL DEATH BENEFICIARY of LAWONA
WRIGHT and ALL OTHER WRONGFUL DEATH
BENEFICIARIES of LAWONA WRIGHT                                        PLAINTIFFS

VERSUS                                           CIVIL ACTION NO. 5:05cv157-DCB-JMR

HEALTH MANAGEMENT ASSOCIATES, INC.
D/B/A/ NATCHEZ COMMUNITY HOSPITAL;
HOSPITAL MANAGEMENT ASSOCIATES, INC.
D/B/A NATCHEZ COMMUNITY HOSPITAL;
AKINREMI AKINWALE, M.D.; and GEOFFREY
FLATTMAN, M.D.                                                         DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on the Motion [59-1] of defendants Health Management Associates, Inc. and Hospital Management Associates, Inc. for Summary Judgment which is accompanied by a Memorandum in Support [60-1]. The pending motion, filed on June 5, 2006, has been unopposed by any party. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds the Defendants' Motion [59-1] for Summary Judgment should be granted.

**STATEMENT OF CASE**

Plaintiff Tabatha Wright ("Wright") filed this medical negligence action on August 24, 2005, in which she sought damages for the wrongful death of Lawona Wright. *See* Complaint. Wright named Health Management Associates, Inc. ("Health") and Hospital Management Associates ("Hospital") as defendants in her complaint alleging that these corporate entities are vicariously liable for the actions or omissions of the employees of Natchez Community Hospital ("NCH"),

which is owned by Natchez Community Hospital, Inc. ("NCHinc") . *Id*. at ¶ 9.  In her Complaint, Wright did not allege that NCHinc is a corporation in existence to perpetuate a fraud, or that NCHinc is a sham corporation designed to subvert the interests of justice.  Wright failed to seek any discovery relating to the corporate composition of either NCHinc, Health or Hospital.  *See* Plaintiff's First Set of Interrogatories and Requests for Production of Documents attached as "Exhibit C" to Defendants' Motion for Summary Judgment.  NCH was not even named as a defendant in the present action.  *See* Affidavit of Timothy Trottier, at ¶ 3 attached as "Exhibit D" to Defendants' Motion for Summary Judgment.  NCHinc is a wholly owned subsidiary of Health.  *Id*. at ¶ 4.  Health  has no operational control over NCH nor does it posses an ownership interest in NCH. *Id*. at 5.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment."  *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987).  "The requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.  Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'"  *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695

F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

## ANALYSIS

Under Mississippi law, a corporation maintains a separate and distinct identity from its shareholders. *See North Am. Plastics, Inc. v. Inland Shoe Mfg. Co. Inc.*, 592 F.Supp. 875, 877 (N.D. Miss. 1984). This is true whether such shareholders are individuals or other corporations. *See FMC Finanace Corp. V. Murphree*, 632 F.2d 413, 421 (5th Cir. 1980). The Mississippi Supreme Court has held that piercing the veil of a corporate subsidiary in order to deal with its parent should not be lightly undertaken *See Johnson & Higgins of Miss., Inc., v. Commissioner of Ins. Of Miss.*, 321 So.2d 281, 284 (Miss. 1975); *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1004, 1047 (Miss. 1989). The corporate veil should not be pierced unless the corporation exists to perpetuate a fraud, or is a mere instrumentality, agent, adjunct or sham devised in order to subvert the ends of justice. *See North Am. Plastics,* 592 F.Supp. at 877-78; *Johnson & Higgins of Miss.,* 321 So.2d at 285.

In the Complaint, Wright attempts to pierce the corporate veil of NCHinc in order to reach the assets of its parent company, Health, as well as an unrelated corporation...Hospital.[1]  Wright has

---

[1] Again, the Court points out that there is no opposition to this pending motion which was filed on June 5, 2006.

failed to produce evidence showing that NCHinc was organized to perpetuate a fraud or that it is merely an instrumentality, agent, adjunct or sham devised in order to subvert the ends of justice. Wright has not only neglected to allege that an actual fraud was perpetuated or that the corporate parties involved failed to conform to the corporate formalities, but Wright also has not pursued these topics during the course of discovery.  The record reflects that Health is merely the parent company of NCHinc, which is the sole owner of NCH.  Additionally, evidence presented demonstrates that Hospital possesses neither ownership nor operational control over NCH or NCHinc.  Wright's allegations, without any evidentiary basis as there is no opposition to the pending motion, are insufficient to allow the piercing of NCHinc's corporate veil and there exists no genuine issue of material fact precluding summary judgment in favor of both Health and Hospital.

## **CONCLUSION**

Based on the forgoing analysis, this Court is of the opinion that Wright has failed to meet her burden of demonstrating any genuine issues of material fact which would preclude summary judgment in favor of  Health Management Associates, Inc. and Hospital Management Associates, Inc.  Therefore, this Court finds the Defendants' Motion [59-1] for Summary Judgment, which is unopposed, should be granted, and that all claims against the Defendants should be dismissed with prejudice.

This the   5th   day of October, 2006.

                                                                s/John M.. Roper
                                      CHIEF UNITED STATES MAGISTRATE JUDGE